BOYD v. STEWART.

(City Court of New York, Special Term. March, 1893.)

Mechanics' Lien—Foreclosure—Consolidation of Actions.

Under Laws 1885, c. 342, § 18, providing that the court of record which first obtains jurisdiction of an action to foreclose a mechanic's lien may, on the application of the owner or others interested, take to itself for trial all subsequently commenced actions of like character, and consolidate them, the city court of New York may consolidate with an action brought therein an action subsequently brought in the supreme court.

Action by Clarence N. Boyd against Mary M. Stewart, as owner, and others, to foreclose a mechanic's lien. Afterwards, similar actions against the same defendants were brought,—one by John Sheehy, in the same court, (city court of New York,) and the other by Henry Iden, in the supreme court. Defendant, Mary M. Stewart, moves to consolidate with the first action the two actions subsequently brought. Granted.

Hawkins & Delafield, (Lewis L. Delafield, of counsel,) for the motion.

Albert I. Sire, Hoadley, Lauterbach & Johnson, Benjamin Tuska, Isaac L. Sink, Earley & Prendergast, Seth R. Johnson, and James N. C. Johnson, opposed.

FITZSIMONS, J. This is a motion to consolidate three actions brought to foreclose mechanic's liens, and is made under section 18 of the mechanic's lien act of 1885, (chapter 342.) One of the said actions was commenced in the supreme court. The first action was commenced in this court. The plaintiff's attorney, who opposes this motion, seems to question the right of this court to take to itself for trial the action pending in the supreme court, and also appears to doubt the constitutionality of the section above referred to. I feel no such apprehension. The section in question is purely of statutory creation. Section 18 of the act of 1885 provides that the court of record which first obtains jurisdiction of such an action may take to itself for trial, upon application of the owner or others interested, all subsequently commenced actions of like character, and consolidate them. As the first action was commenced in this court, which is a court of record, it is very plain that our powers are the same as if the first action was commenced in the supreme court. In such event that court could take the action, and consolidate it with the action pending there. This is not a common-law action, nor is it an equity action. It is just what the statute proclaims it to be,—nothing more or less. It is, as before stated, purely of statutory creation; and therefore

the jurisdiction of this court over the supreme court action is not affected by section 6 of the judiciary article (6) of the constitution of the state. Motion granted.